| CIVIL SUMMONS | IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, TENNESSEE FOR THE NINETEENTH JUDICIAL DISTRICT AT CLARKSVILLE | DOCKET NO. CC-24-CV-85 |
|---|---|---|
| LORRAINE FLINT, DARREN FLINT, NICOLE FLINT and CARYN FLINT | Vs | FEIT ELECTRIC COMPANY, INC. |

**SERVE ON:**

# FEIT ELECTRIC COMPANY, INC.
c/o Aaron Feit
4901 Gregg Road Pico Rivera, California 90660

You are hereby summoned to defend a civil action filed against you in the <u>Circuit Court of Montgomery County, Tennessee</u>. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 1-18-24

Lindsay Cioffi
Clerk / Deputy Clerk

Attorney for Plaintiff: PAUL M. ADAMS, ESQ.
Schwed, Adams & McGinley, P.A.
88 Union Avenue, Suite 1100, Memphis, TN 38103
(901) 313-3411

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, Circuit Court Clerk of Montgomery County, Tennessee do certify this to be a true and correct copy of the original summons issued in this case.

Date _____    Clerk / Deputy Clerk _____

**OFFICER'S RETURN**

I certify that I have served this summons together with a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____

Date _____    Please Print: Officer, Title _____
Agency Address _____    Signature _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Signature of Plaintiff _____    Notary Public / Deputy Clerk (Comm. Expires _____)

Plaintiff's Attorney (or Person Authorized to Serve Process) _____

RECEIVED
JAN 12 2024

| | |
|---|---|
| LORRAINE FLINT, DARREN FLINT, NICOLE FLINT and CARYN FLINT, | Judge Assigned<br>Joel Wallace |
| Plaintiffs, | Cause No.: |
| vs. | CC-24-CV-85 |
| FEIT ELECTRIC COMPANY, INC., | JURY DEMANDED |
| Defendant. | |

## COMPLAINT

**COME NOW** the Plaintiffs, Lorraine Flint, Darren Flint, Nicole Flint and Caryn Flint, by and through undersigned counsel and files this Complaint for damages and personal injuries against the Defendant, Feit Electric Company, Inc., and in support thereof would show and state unto this Honorable Court as follows:

### PARTIES

1. Plaintiff, Lorraine Flint, is an adult resident citizen of Clarksville, Montgomery County, Tennessee.

2. Plaintiff, Darren Flint, is an adult resident citizen of Clarksville, Montgomery County, Tennessee.

3. Plaintiffs, Nicole and Caryn Flint were adult residents of Clarksville, Montgomery County, Tennessee.

4. Defendant, Feit Electric Company, Inc., (Defendant "Feit Electric"), is a stock corporation who may be served with process through its registered agent, Aaron Feit, at 4901 Gregg Road Pico Rivera, California 90660.

## JURISDICTION & VENUE

5. Plaintiffs' complaint arises in tort under and by virtue of the applicable laws of the State of Tennessee for damages sustained by Plaintiffs.

6. The incident that forms the basis of this suit occurred in Montgomery County, Tennessee.

7. This Court has subject matter jurisdiction over this matter pursuant to Tenn. Code Ann. §16-10-101.

8. Venue is property pursuant to Tenn. Code Ann. §20-4-102.

## STATEMENT OF FACTS

9. On or about January 15, 2023, (the "Subject Date"), Plaintiffs were the owners of, and used and occupied as a dwelling house, a building located on land in the County of Montgomery, State of Tennessee, described as 2509 Hattington Drive Clarksville, Tennessee 37042.

10. On the Subject Date, Plaintiffs were the owners of certain household furniture and other personal effects, contained and located in the above-described real property. Plaintiffs were the owners of the described real property and the described personal property at the time of the destruction of the property by fire, as herein mentioned, and during that time continuously used and occupied the building as a dwelling house.

11. On July 2, 2019, Plaintiffs purchased Outdoor String Lights, specifically, Feit Electric 48' LED Filament String Light Set for $49.99 at Costco, manufactured and designed by the Defendant, Feit Electric Company, Inc.

12. These lights initially served as exterior embellishments on the Plaintiffs' deck and prior to the fire, these lights have maintained their illumination since July 2019.

13. Feit Electric Company's negligent design and manufacturing practices resulted in the defective product, specifically, the flawed cord and lightbulb housing, to set ablaze the porch where the Flint family resided, around the approximate hour of 2:00 a.m., as the Plaintiffs were sleeping.

14. At the aforesaid time and place, Lorraine Flint, Darren Flint, Nicole Flint, and Caryn Flint, were all in the house as it became engulfed in flames and felt the heat and received burns and/or singes from the heat and flames.

15. The house burned to the ground because of the Defendant's negligence and caused extensive property loss, personal property losses, vehicles, photographs, jewelry, and other belongings. Additionally, Lorraine Flint, Darren Flint, Nicole Flint, and Caryn Flint, suffered physical burns and/or singing personal injuries, pain, emotional anguish, and incurred counseling and other bills/expenses in the past and will incur these injuries and damages into the future. Additionally, all of the Plaintiffs' capacity for pleasure, business, work and the enjoyment of life has been impaired.

16. The residence became engulfed in towering flames, jolting one of the family members awake to swirling smoke, crackling flames, and an unyielding surge of heat inundating the entire house.

17. At the aforesaid time and place, the Defendant, individually and/or by and through their agents, servants and/or employees, had a duty to conduct a thorough quality risk check of the product before being sold, to ensure the product was in a reasonably safe condition for persons lawfully using the product, including but not limited to the Plaintiffs.

3

**18.** These acquired lights were never subjected to a thorough quality risk check and were subsequently sold to the Plaintiffs.

## COUNT I—NEGLIGENCE

**19.** The allegations in paragraphs one through eighteen of this complaint are hereby incorporated by reference into this count of the complaint as if set forth verbatim herein.

**20.** Plaintiffs charge and allege that the Defendant, Feit Electric, was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the Plaintiffs' resulting damages, to wit:

**21.** As the designer, manufacturer, importer, and/or distributor of the lights, Defendant, Feit Electric, had a duty to use reasonable care to design and manufacture a product that was reasonably safe for its intended or reasonably foreseeable uses.

**22.** Defendant, Feit Electric, breached this duty by designing, manufacturing, importing, and/or distributing a defective product that, while in use, posed a risk of injury to consumers.

**23.** As a direct and proximate result of the negligence of Defendant, Feit Electric, Plaintiffs used defective lights set ablaze to the Plaintiffs' residence, causing them to lose not only their home, specific household furniture and various personal belongings, but the family's cherished pets as well, who were unable to escape, and tragically burned to death in the engulfing flames.

**24.** Defendant, Feit Electric's negligence was the direct and proximate cause of the Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs, Lorraine Flint, Darren Flint, Nicole Flint, and Caryn Flint, demand judgment for any and all compensatory damages against the Defendant, Feit Electric Company, Inc., including damages and relief sought at the end of the Complaint.

## COUNT II—STRICT LIABILITY—MANUFACTURING DEFECT

**25.** The allegations in paragraphs one through eighteen of this complaint are hereby incorporated by reference into this count of the complaint as if set forth verbatim herein.

**26.** The lights that caused the Plaintiffs' injuries were manufactured by Defendant, Feit Electric.

**27.** The lights were made differently than their intended design and therefore failed to perform as safely as intended.

**28.** The lights were made in a manner that allowed the lights to set fire and burn down the Plaintiffs' residence.

**29.** The lights reached the Plaintiffs without substantial change affecting its condition from the time it was manufactured.

**30.** While the Plaintiffs were using the lights, the manufacturing defect caused the lights to set fire and burn down the Plaintiffs' residence.

**31.** The lights' manufacturing defect was the direct and proximate cause of the Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs, Lorraine Flint, Darren Flint, Nicole Flint, and Caryn Flint, demand judgment for any and all compensatory damages against the Defendant, Feit Electric Company, Inc., including damages and relief sought at the end of the Complaint.

## COUNT III—STRICT LIABILITY—DESIGN DEFECT

**32.** The allegations in paragraphs one through eighteen of this complaint are hereby incorporated by reference into this count of the complaint as if set forth verbatim herein.

**33.** The lights that caused the Plaintiffs' injuries were designed by Defendant, Feit Electric.

34. The lights failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the Defendant, Feit Electric.

35. The lights reached the Plaintiffs without substantial change affecting its condition from the time it was manufactured.

36. While the Plaintiffs were using the lights, the design defect caused the lights to set fire and burn down the Plaintiffs' residence.

37. The lights' design defect was the direct and proximate cause of the Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs, Lorraine Flint, Darren Flint, Nicole Flint, and Caryn Flint, demand judgment for any and all compensatory damages against the Defendant, Feit Electric Company, Inc., including damages and relief sought at the end of the Complaint.

## DAMAGES

38. As a direct, foreseeable and proximate result of the Defendant's negligence as more particularly set forth above and as will be proven throughout the course of this litigation, Plaintiffs were caused to suffer the following personal injuries and damages to-wit:

   (a) Severe and permanent injuries;

   (b) **Lorraine Flint:** As a direct, foreseeable and proximate result of the Defendant's negligence as more particularly set forth above, Plaintiff, Lorraine Flint, has and will continue to incur expenses, injuries and damages in the amount of SEVEN HUNDRED FIFTY THOUSAND Dollars and 00/100 ($750,000.00), and of which Plaintiff relies on the presumption of reasonableness and necessity pursuant to Tenn. Code Ann § 24-5-113;

   (c) **Darren Flint:** As a direct, foreseeable and proximate result of the Defendant's negligence as more particularly set forth above, Plaintiff, Darren Flint, has and will continue to incur expenses, injuries and damages in the amount of SEVEN HUNDRED FIFTY THOUSAND Dollars and 00/100 ($750,000.00), and of which Plaintiff relies on the presumption of reasonableness and necessity pursuant to Tenn. Code Ann § 24-5-113;

   (d) **Nicole Flint:** As a direct, foreseeable and proximate result of the Defendant's negligence as more particularly set forth above, Plaintiff,

Nicole Flint, has and will continue to incur expenses, injuries and damages in the amount of SEVEN HUNDRED FIFTY THOUSAND Dollars and 00/100 ($750,000.00), and of which Plaintiff relies on the presumption of reasonableness and necessity pursuant to Tenn. Code Ann § 24-5-113;

(e) **Caryn Flint:** As a direct, foreseeable and proximate result of the Defendant's negligence as more particularly set forth above, Plaintiff, Caryn Flint, has and will continue to incur expenses, injuries and damages in the amount of SEVEN HUNDRED FIFTY THOUSAND Dollars and 00/100 ($750,000.00), and of which Plaintiff relies on the presumption of reasonableness and necessity pursuant to Tenn. Code Ann § 24-5-113;

(f) Lost wages, both past and future;

(g) Physical and emotional trauma, both past and future; and,

(h) Loss of capacity for pleasure, business, work, and the enjoyment of life.

39. Based upon the foregoing allegations of this complaint, the Plaintiffs are entitled to recover a judgment against the Defendant.

## RELIEF SOUGHT

**WHEREFORE, PLAINTIFFS DEMAND** the following:

1. That proper process issue and be served upon the Defendant and that the Defendant be required to appear and answer this complaint within the time required by law.

2. That Plaintiffs be awarded a judgment against the Defendant, jointly and severally, in the amount of THREE MILLION DOLLARS and 00/100 ($3,000,000.00) in compensatory damages.

3. That the costs of this action be awarded to Plaintiffs.

4. A jury of twelve persons to try this cause.

5. Such further and other general relief to which Plaintiffs may be entitled.

Respectfully submitted,

*[signature: Paul Adams]*

**PAUL M. ADAMS, ESQ. (#31549)**
PAdams@schwedlawfirm.com
*Attorney for Plaintiffs*
Schwed, Adams & McGinley, P.A.
88 Union Avenue, 11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411

SCHWED, ADAMS & MCGINLEY, P.A.
is surety for the court costs of this cause.

*[signature: Paul Adams]*

Schwed, Adams & McGinley, P.A.

8