IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| **Lorraine Flint, Darren Flint,** | ) | |
| **Nicole Flint and Caryn Flint,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 3:24-cv-00324 |
| | ) | |
| **Feit Electric Company Inc.,** | ) | JUDGE RICHARDSON |
| | ) | |
| Defendant, | ) | JURY TRIAL DEMANDED |

**DEFENDANT FEIT ELECTRIC COMPANY INC. ANSWER TO COMPLAINT**

**COMES NOW** the Defendant Feit Electric Company Inc. (hereinafter "Feit") by and through undersigned counsel, and responds to the allegations set forth in the Complaint against Feit as follows:

**FIRST DEFENSE**

In response to individually numbered Paragraphs set forth in the Complaint, your Defendant Feit responds as follows:

**I.**

The allegations contained in Paragraphs 1, 2, and 3 of the Complaint are not disputed by Feit.

**II.**

The allegations set forth in Paragraph 4 of the Complaint are admitted in part and denied in part. Aaron Feit is the registered agent for service of process. It is denied that Feit is a stock corporation. Feit is a privately owned, closely held, family owned, subchapter S corporation.

**III.**

With respect to the jurisdictional allegations contained in Paragraphs 5, 6, 7, and 8 of the Complaint, these allegations are disputed by the removal of this matter from Montgomery County Circuit Court to the Middle District of Tennessee based on complete diversity and amount in controversy.

**IV.**

Upon information and belief, the allegations contained in Paragraphs 9 and 10 of the Complaint are generally not disputed by Feit.

**V.**

Responding to allegations contained in Paragraphs 11 and 12 of the Complaint, your Defendant is without information sufficient to form a belief as to the truth of said allegations with the one exception that Feit denies it manufactured or designed the string lights.

**VI.**

With respect to allegations contained in Paragraphs 13, 14, 15, 16, 17, and 18 of the Complaint, your Defendant denies all allegations of negligence contained in said Paragraphs and further denies that the Feit string lights distributed by the Defendant were defective or unreasonably dangerous at the time it left control of the seller. Further, said string lights at issue were sold in a sealed container. Strict proof is demanded of all allegations of negligence or duty violations of Feit. Further, Feit would aver that the actions or inactions of the Plaintiffs were the sole proximate cause of any and all alleged damages incurred. Preserving its defenses, comparative fault is plead should further investigation and discovery warrant the same, Feit

preserves its right to assert at fault non-parties. Further, Feit is without information sufficient to form a belief as to the extent and nature of all injuries and damages as is alleged in said Paragraphs and would demand strict proof of all damages set forth herein. The remaining allegations pertaining to Plaintiffs' decisions, movements and actions on the date and time of the fire can neither be admitted nor denied by this Defendant as it lacks sufficient information.

## VII.

With respect to allegations for **COUNT 1-NEGLIGENCE** contained in Paragraphs 19, 20, 21, 22, 23, and 24 of the Complaint, Feit denies that its outdoor string lights specified in Paragraph 11 of the Complaint, were sold in a defective condition or unreasonably dangerous at the time it left the control of the manufacture or seller. All allegations of negligence or violation of duty of care set forth in said Paragraphs are denied and strict proof is demanded.

## VIII.

Responding to allegations contained in **COUNT 2-STRICT LIABILTY-MANUFACTURING DEFECT** and **COUNT 3-STRICT LIABILTY-DESIGN DEFECT** contained Paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 of the Complaint, Feit denies that it designed or manufactured the product at issue. It further denies that the product was sold in defective condition or was unreasonably dangerous at the time it left the control of the seller. Strict proof of all allegations of strict liability is demanded. Further, as to all allegations of strict liability, Feit would aver that the actions or inactions of the Plaintiffs were the sole proximate cause of any and all alleged damages incurred. Preserving its defenses, comparative fault is plead. Should further investigation and discovery warrant the same, Feit preserves its right to assert at fault non-parties.

# IX.

With respect to allegations contained in Paragraphs 38 and 39 of the Complaint, Feit is without information sufficient to form a belief as to the extent and nature of all injuries and damages as is alleged in said Paragraphs and would demand strict proof of the reasonableness and necessity of all medical or psychological expenses incurred and strict proof of all other damages including lost wages, loss of earning capacity, physical and emotional trauma, and loss of capacity for pleasure, business, work, and enjoyment of life, future medical or psychological expenses, and all other damages.

## SECOND DEFENSE

It is denied that Plaintiffs are entitled to the monetary amount sued for in the Complaint.

## THIRD DEFENSE

Feit states that the Complaint fails to state a cause of action for which relief can be granted.

## FOURTH DEFENSE

As affirmative defenses, Feit pleads statute of limitations and statute of repose should further investigation and discovery warrant the same.

## FIFTH DEFENSE

Plaintiffs claims or barred by the Tennessee Product Liability Act.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred for failure to mitigate damages.

## SEVENTH DEFENSE

To the extent further investigation and discovery warrant the same, Plaintiffs claims may be barred by independent intervening acts or failure to act of other potential at fault non-parties pending further investigation and discovery.

## EIGHTH DEFENSE

Feit pleads and relies upon the affirmative defenses of estoppel, latches, release, illegality, assumption of the risk and wavier.

## NINETH DEFENSE

It is denied that Plaintiffs are entitled to recover a judgment against Feit.

## TENTH DEFENSE

Any and all allegations contained in the Complaint not heretofore admitted, explained or denied or here and now denied as though specifically set forth and denied.

**WHEREFORE**, having fully answered the Complaint filed against it, Feit prays to be dismissed from this cause of action with costs taxed against the Plaintiffs.

Failing dismissal, Feit prays for a jury to try all issues joined by the pleadings and for each further, general relief to which it might be entitled to in these premises

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____/s/ C. Douglas Dooley\_\_\_\_\_

**C. DOUGLAS DOOLEY BPR #12962**
Tallan Building, Suite 500
200 W. ML King Blvd.
Chattanooga, TN 37402-2566
(423) 265-0214 / (423) 266-5490 – Fax
Doug.Dooley@leitnerfirm.com
*Attorney for Defendant Feit Electric Company, Inc*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, and by email to each such attorney as follows:

Paul M. Adams, Esq.
**Schwed, Adams & McGinley, PA**
88 Union Avenue
11th Floor, Suite 1100
Memphis, TN 38103
padams@schwedlawfirm.com
*Attorney for Plaintiffs*

This the 28th day of March, 2024.

By: _____/s/ C. Dougals Dooley_____

**C. DOUGLAS DOOLEY**

*Attorney for Defendant Feit Electric Company, Inc*