UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Lorraine Flint et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>Feit Electric Company, Inc.,<br>　　　Defendant. | Case No. 3:24-cv-00324<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

There are two related motions currently pending in this case: a motion by defendant to exclude plaintiffs' expert witnesses (Doc. No. 26); and a motion by plaintiffs to dismiss the case voluntarily and without prejudice under Rule 41(a)(2) (Doc. No. 30).  Common to both motions is the delay from plaintiffs in disclosing expert reports under Rule 26(a)(2).  Defendants seek to exclude plaintiffs' experts because reports were not disclosed by the July 31, 2025 deadline (Doc. No. 25).  Plaintiffs seek to dismiss the case without prejudice "so that they may refile once expert materials and records are complete."  (Doc. No. 30 at 2.)

Given Judge Richardson's postponement of the trial, the pretrial conference, and all pretrial motion filing deadlines (Doc. No. 33), the most prudent course of action is to deny both motions.[1]

---

[1]　Judge Richardson referred this case under 28 U.S.C. § 636(b)(1)(A). (Doc. No. 6.)  Section 636(b)(1)(A) limits magistrate judge jurisdiction for a list of eight motions including a motion for involuntary dismissal of an action.  Because plaintiffs' motion is a Rule 41(a)(2) motion for voluntary dismissal, and because denial will not change the current status of the parties, the Court will adjudicate it by this order.  Alternatively, following a few courts that appear to have proceeded by report and recommendation in an abundance of caution when granting Rule 41(a)(2) motions, *see Fieselman v. Lewis*, No. 14-CV-00030-RM-CBS, 2015 WL 170551, at *9 (D. Colo. Jan. 13, 2015); *Lagroon v. Stone*, No. 8:11-2531-TMC-JDA, 2012 WL 1389652, at *2 (D.S.C. Mar. 23, 2012), *report and recommendation adopted*, No. CA 8:11-2531-TMC, 2012 WL 1389644 (D.S.C. Apr. 20, 2012); *Woody v. City of Duluth*, 176 F.R.D. 310, 315 (D. Minn. 1997), the Court would recommend denial of plaintiffs' motion.

The postponements of the trial and of the pretrial motion filing deadlines eliminate the chance that further discovery would disrupt a trial. *Compare Creekmur v. Lowe's Home Centers, LLC*, No. 320CV00270BJBCHL, 2021 WL 1518643, at *3 (W.D. Ky. Apr. 16, 2021) (no substantial prejudice to party opposing additional time for expert discovery in part because trial was not yet scheduled) *with Etheridge v. E. I. DuPont De Nemours & Co.*, No. 14-CV-2443-SHL-CGC, 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015) (motion to exclude plaintiff's proposed expert witnesses granted in part because "discovery has long since closed and Defendant has filed a dispositive motion"). The Court can set a schedule for outstanding expert discovery that recognizes the need to move the case forward while minimizing the risk of prejudice to any party.

A new schedule for remaining discovery has the additional benefit of avoiding problems that plaintiffs might face with limitations periods following a voluntary dismissal. For example, to the extent that the claims in plaintiffs' complaint concern injury to property, those claims might be untimely should plaintiffs file a new complaint. *See* Tenn. Code Ann. § 28-3-105(1) (injuries to personal or to real property to be filed within three years of accrual); *Spence v. Miles Lab'ys, Inc.*, 37 F.3d 1185, 1189 (6th Cir. 1994) (claims of manufacturing defects "fall squarely within the confines of the Tennessee Products Liability Act [TPLA]"); *accord Jones v. Davol, Inc.*, No. 3:18-CV-00182, 2018 WL 4369978, at *2 (E.D. Tenn. Sept. 12, 2018) ("The TPLA applies to any case involving an allegedly defective or unreasonably dangerous product, irrespective of the underlying substantive legal theory.") (citing *Spence*).

2

Accordingly, the Court denies both pending motions. (Doc. Nos. 26, 30.) The Court will enter a separate order scheduling a case management conference to set new deadlines for any remaining discovery.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

3